RECEIVED
IN ALEXANDRIA, LA
JUN 17 2005
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| JARMON WILLIAMS | DOCKET NO. 1:04 CV 2214 |
| | SECTION P |
| VS. | JUDGE DRELL |
| MURPHY CLARK, ET AL. | MAGISTRATE JUDGE KIRK |

## PARTIAL REPORT AND RECOMMENDATION

Before the Court is a civil action filed by *pro se* Plaintiff **JARMON WILLIAMS**("Plaintiff") pursuant to 42 U.S.C. § 1983. Plaintiff is currently incarcerated at the Washington Correctional Institution ("WCI") in Angie, Louisiana but complains of events occurring while at Avoyelles Correctional Center ("AVC"). Plaintiff was granted permission to proceed *in forma pauperis* on November 8, 2004. [Rec. Doc. 3]. Named as defendants are: Murphy Clark, Samuel Lemone, (3) John Does, Richard Stalder, and the Louisiana Department of Corrections.

Plaintiff alleges the defendants violated his Eighth Amendment right to be free from cruel and unusual punishment by use of excessive force. Specifically, Plaintiff alleges he was fully restrained and was intentionally struck on the head with a "radio". He asserts this attack required hospitalization and that he still suffers from dizziness. [Doc. 4, p.2]. As relief, he seeks

1

monetary damages and a declaratory judgement that his Constitutional rights were violated. [Rec. Doc. 1, p.4-5].

**STATEMENT OF CLAIM**

Plaintiff alleges that he was engaged in a fight with another inmate. After he was fully restrained and put in handcuffs he was lying on the floor quietly. Plaintiff alleges that Defendant Murphy Clark intentionally hit him on the head with a radio. Plaintiff bled profusely, and required hospitalization. He continues to suffer from effects of the attack.

**SCREENING**

Plaintiff has been granted leave to proceed *in forma pauperis* in this case. His complaint is therefore subject to the screening provisions mandated by 28 U.S.C.§ 1915(e). Furthermore, since Plaintiff is a prisoner currently incarcerated, and his civil action seeks redress form a governmental entity or officer or employee of a government entity, his complaint is subject to the screening provisions of 28 U.S.C. § 1915A. Both of these sections mandate that a court may evaluate a complaint and shall dismiss it without service of process, <u>Ali v. Higgs</u>, 892 F.2d 438, 440 (5th Cir. 1990), if at any time the court determines that the claim is frivolous or malicious or fails to state a claim upon which relief can be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§1915(e)(B)(i)-(iii); 1915A(b)(1)-(2). This screening function is juxtaposed with the

court's duty to hold *pro se* complaints to less stringent standards than formal pleadings drafted by an attorney. Courts are to liberally construe such complaints when determining a whether a cause of action exists. *See,* Haines v. Kerner, 404 U.S. 519, 520-21 (1972)(per curiam)(*pro se* complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that plaintiff can prove no facts in support of claim that would entitle him to relief).

The law accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. Neiztke v. Williams, 490 U.S. 319, 327, 104 L.Ed. 2d 338, 109 S.Ct. 1827 (1989).

When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. Horton v. Cockrell, 70 F.3d 397,400 (5th Cir. 1996).

**EXCESSIVE FORCE CLAIM**

The treatment a prisoner receives in prison and the conditions under which he is confined are subject to Eighth Amendment scrutiny. Helling v. McKinney, 509 U.S. 25, 113 S.Ct. 2475, 2480, 125 L.Ed.2d 22 (1993). While Eighth Amendment jurisprudence is

3

informed by the "evolving standards of decency that mark progress of a maturing society," Trop v. Dulles, 356 U.S. 86, 101, 78 S.Ct. 590, 598, 2 L.Ed.2d 630, (1958), the focus of the Eighth Amendment remains its proscription of the "unnecessary and wanton infliction of pain" or any infliction of pain which cannot be justified by credible penological concern. Gregg v. Georgia, 428 U.S. 153, 173, 96 S.Ct. 2909, 2925, 49 L.Ed.2d 859 (1976). Accordingly, the Eighth Amendment serves as the primary source of substantive protection in cases following conviction where prison officials stand accused of using excessive physical force. Whitley v. Albers, 475 U.S. 312, 318-26, 106 S.Ct. 1078, 1084, 89 L.Ed.2d 251 (1986).

The use of force by prison guards violates the Eighth Amendment when it is not applied in a "good faith effort to maintain or restore discipline" but, rather, is administered "maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 112 S.Ct. 995, 117 L.Ed.2d 156(1992)(citing, Whitley, 475 U.S. at 320-21). When determining whether the force used was in violation of a prisoner's Eighth Amendment rights, a court must consider such factors as: (1)the extent of the injury suffered; (2) the need for application of force; (3)the relationship between the need for and the amount of force used; (4) the threat reasonably perceived by the responsible party; and (5) any efforts made to temper the severity of the forceful response. Hudson,503 U.S. at 7.

Furthermore, prison officers may have to act quickly and

4

decisively thus, they are entitled to wide ranging deference. Baldwin v. Stadler, 137 F.3d 836, 840 (5th Cir. 1998). *See also*, Rhodes v. Chapman, 452 U.S. 337, 349 n.14, 101 S.Ct. 2392, 2400 n.14, 69 L.Ed.2d 59 (1981)(stating that a prison's internal security is peculiarly a matter normally left to the discretion of prison administrators).

In considering the extent of the physical force utilized by prison officials, the United States Fifth Circuit Court of Appeals has found that there is no cause of action for "de minimis" uses of physical force if the use of force is not of the sort repugnant to the conscience of mankind. Hudson, 503 U.S. at 9-10. Not every malevolent touch by a prison guard gives rise to a federal cause of action. Id. at 9. Furthermore, there is no categorical requirement that the physical injury be significant, serious or more than minor. Gomez v. Chandler, 163 F.3d 921 (5th Cir. 1999). *See also*, Ikerd v. Blair, 101 F.3e 430, 434 (5th Cir. 1996). In most cases, this requirement is satisfied by showing some physical injury.

Plaintiff names Samuel Lemone, John Doe #1, John Doe #2, and John Doe #3 as defendants. Plaintiff asserts that these defendants laughed at him after he was hit by Murphy Clark. Plaintiff was only hit by Clark, not these Defendants. Plaintiff does not assert facts that support these defendants participated in the attack, or knew of the impending attack prior to the event. Therefore, these defendants should be dismissed from this complaint.

## SUPERVISORY OFFICIALS

In as much as Plaintiff names any of the defendants in a supervisory capacity, it is well settled that supervisory officials may not be held liable under §1983 under the doctrine of *respondeat superior*. See, Mouille v. City of Live Oak, 977 F.2d 924 (5th Cir. 1992), *cert. denied*, 508 U.S. 951, 113 S.Ct. 2443, 124 L.Ed.2d 660 (1993); Jennings v. Joshua Independent School District, 877 F.2d 313 (5th Cir. 1989), *cert. denied*, 496 U.S. 935, 110 S.Ct. 3212, 119 L.Ed.2d 226 (1990). To be liable under §1983, a supervisory official must be personally involved in the act causing the alleged constitutional deprivation, or must have implemented a policy so deficient that the policy itself acts as a deprivation of constitutional rights. Cronn v. Buffington, 150 F.3d 538, 544 (5th Cir. 1998).

Plaintiff names Richard Stalder as a defendant, yet fails to allege any facts that support a claim against him. Plaintiff alleges he was struck by an single officer. He does not allege any personal involvement or deficient policy to implicate this supervisory official. As such, Plaintiff fails to state a claim against Stalder and he should be dismissed from this suit.

## 11th AMENDMENT IMMUNITY

Plaintiff's excessive force claim against the Louisiana

Department of Public Safety and Corrections is barred by the Eleventh Amendment to the United States Constitution, which proscribes that States are immune from suit for damages in federal court by citizens of the State, as well as citizens of other states, unless the state consents to suit. Edelman v. Jordan, 415 U.S. 651, 662-63, 94 S.Ct. 1347, 1355, 39 L.Ed.2d 662 (1974). Even where the state is itself not named as a party to the suit, if the action is, in essence, a suit against the State, the action is barred under the Eleventh Amendment. Id. at 663.

Accordingly, the Eleventh Amendment has been interpreted to not only bar suits brought in federal court against the States, but also their alter egos. Voisin's Oyster house v. Guidry, 799 F.2d 183, 185 (5th Cir. 1986). In deciphering whether an entity is covered by the Eleventh Amendment's Immunity provision, the United States Fifth Circuit Courts of Appeal analyzes the following six factors based on the entity's: (1) status under state statutes and case law, (2) funding, (3) local autonomy, (4) concern with local or statewide problems, and (5) ability to hold and use property. Husdson v. City of New Orleans, 174 F.3d 677, 681 (5th Cir. 1999). In Champagne v. Jefferson Parish Sherrif's Office, et al., 188 F.3d 312 (5th Cir. 1999), the United States Fifth Circuit Court of Appeals, utilizing the preceding factors, held that the Louisiana Department of Public Safety and Corrections is protected by the Eleventh Amendment's immunity umbrella.

Congress has not annulled the States's Eleventh Amendment Immunity in § 1983 actions. Quern v. Jordan, 440 U.S. 445, 456, 96 S.Ct. 1139, 39 L.Ed.2d 358 (1979). Therefore, the only way by which the plaintiff may seek monetary damages against the State, or in this action an alter ego of the State, is if the State of Louisiana, by the most express language or by overwhelming implication, consents to being sued in federal court. see Ex Parte Young, 209 U.S. 123, 28 S.Ct. 241, 52 L.Ed. 714 (1908); Edelman, 415 U.S. at 673; Brennan v. Stewart, 834 F. 2d 1284, 1251-53 (5th Cir. 1988). To the contrary, Louisiana has expressly refused to consent to waiving its Eleventh Amendment Immunity. See La.Rev.Stat.Ann. 13:5106; Delahoussaye v. City of New Iberia, 937 F.2d 144, 147 (5th Cir. 1991).

Plaintiff cannot sue the Louisiana Department of Public Safety and Corrections under the 11th Amendment of the U.S. Constitution. As such, this defendant should be dismissed as frivolous from this complaint.

**Based on the foregoing,**

**IT IS RECOMMENDED** that all claims against Lemone, Doe #1, Doe #2, Doe #3, Richard Stalder, and LA Department of Public Safety and Corrections be **dismissed with prejudice** pursuant to 28 U.S.C.§ 1915(e)(2)(B)(i) and(ii) for failing to state a claim upon which relief can be granted and frivolity.

**IT IS FURTHER RECOMMENDED** that Plaintiff's claims for civil

rights violations against defendant Murphy Clark be **served** in accordance with the Court's orders.

## OBJECTIONS

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.P. 72(b), parties aggrieved by this recommendation have **ten (10) calender days** from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof. A courtesy copy of any objections or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations reflected in this report and recommendation within ten (10) business days following the date of its service, shall bar an aggrieved party from attacking on appeal, either the factual findings or the legal conclusions that were accepted by the District Judge and that were not objected to by the aforementioned party, except upon grounds of plain error.**[1]

---

[1] See <u>Douglass v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).

Accordingly,

**THUS DONE AND SIGNED** in Chambers at Alexandria, Louisiana, this ___17th___ day of ___June_____, 2005.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE